STATE OF NORTH CAROLINA v. CALVIN MONROE

No. 755SC594

(Filed 5 November 1975)

1. Constitutional Law § 37; Criminal Law § 75—waiver of rights form misplaced — confession voluntary

Evidence was sufficient to support the trial court's findings that defendant's constitutional rights were explained to him, a waiver was explained to him, defendant knowingly, understandingly and voluntarily signed the waiver, but the waiver was subsequently mislaid, and defendant's confession was given freely, voluntarily and without duress.

2. Constitutional Law § 37; Criminal Law § 81—waiver of rights form misplaced — best evidence rule inapplicable

Introduction of oral testimony to show that defendant signed a written waiver of his rights was not precluded by the best evidence rule since the issue was not the contents or terms of the written document itself but was instead whether defendant knowingly and voluntarily waived his rights; furthermore, the State was not required to produce a signed written waiver of rights in order to make the confession admissible.

APPEAL by defendant from *Cowper, Judge.* Judgment entered 28 February 1975 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 23 October 1975.

Defendant was tried on a bill of indictment charging him with the felony of assault with a deadly weapon with intent to kill inflicting serious injury. He pled not guilty.

State's witness, James Rhodes, an employee of the Yellow Cab Company, testified that on 20 November 1974 at about 8:30 p.m., after receiving a call, he drove his cab to the intersection of Love's Alley and Taylor Street in Wilmington. No one was with him. Upon arriving, he was approached by three males who "automatically started shooting." Rhodes was struck in the head twice with .22 caliber rifle bullets. Rhodes could not identify the defendant as one of his assailants.

The State offered testimony on voir dire of Sgt. W. C. Brown to show that on 23 November 1974 the defendant, after being informed of his constitutional rights and signing a waiver of those rights, voluntarily confessed to participation in the crime. Sgt. Brown testified that he signed the waiver form as a witness but was unable to produce this written waiver and did not know where it was. Detective Todd testified on voir dire that he "saw a Rights Waiver that was signed by Calvin Monroe on the 23rd lying on Lt. Davis's desk."

The defendant denied that he had confessed to having participated in the shooting and offered evidence to show an alibi.

The jury found defendant guilty of assault with a deadly weapon inflicting serious bodily injury, and from judgment on the verdict, defendant appealed.

*Attorney General Edmisten by Associate Attorney General David S. Crump for the State.*

*James K. Larrick for defendant appellant.*

PARKER, Judge.

[1] Defendant contends that the court erred in admitting testimony of Sgt. Brown concerning defendant's oral confession. After extensive voir dire examination in which Sgt. Brown, Detective Todd, and defendant testified, the trial judge made findings of fact that on 23 November 1974 Sgt. Brown read to defendant his constitutional rights, explained them in detail, explained the waiver, and that "the defendant knowingly and understandingly and voluntarily signed a waiver which has since been misplaced." The court's findings were supported by competent evidence and these findings in turn support the court's conclusion that the defendant's statement was given freely and voluntarily and without duress.

---

[2] ·Defendant contends that the best evidence. rule ·should have precluded the introduction of oral testimony. to show that he signed the written waiver. This contention is without merit. What was at issue here was whether defendant knowingly and voluntarily waived his rights, not what were the contents or terms of the written document itself. The best evidence rule had no application to this case. 2 Stansbury, N. C. Evidence 2d (Brandis Rev. 1973) § 191. Furthermore, the State was not required to produce a signed written waiver of rights in order to make the confession admissible. Although such a writing was necessary under former G.S. 7A-457 (a) to show waiver by an indigent defendant of his right to be represented by counsel, *State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561 (1971), this require-ment was deleted for all except capital cases by the 1971 amend-ment to that statute.

No error.

Judges MORRIS and MARTIN concur.